UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKY WARE BEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>ERIC ADAMS, et al.,<br><br>                    Defendants. | 26 Civ. 914 (DEH)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

DALE E. HO, United States District Judge:

On January 2, 2026, Plaintiff Vicky Ware Bey initiated this case, *pro se*, by filing a complaint against former New York City Mayor Eric Adams and several former members of his administration, as well as against "John Doe 1-1000" and "Jane Doe 1-1000."[1]  After careful review of the complaint, and for the reasons discussed herein, this action is *sua sponte* **DISMISSED IN PART**.

## BACKGROUND

This is not Plaintiff's first federal lawsuit raising many of the issues raised in this Complaint.  The Court is aware of at least two other matters in which Plaintiff brought many of the same claims, including a 2017 action brought in the Eastern District of New York that was dismissed for failure to state a claim, *Bey v. Ponte* ("*Bey I*"),[2] and a 2022 action brought in the Southern District of New York that dismissed many of her claims with prejudice based on the

---

[1] ECF No. 1.

[2] No. 17 Civ. 3476, 2017 WL 4075177 (Sep. 13, 2017, E.D.N.Y.).

doctrine of res judicata (claim preclusion), and on the grounds that they were time-barred, *Bey v. Adams* ("*Bey II*").[3]

Here, as in *Bey II*, "Plaintiff alleges that Defendants and thousands of unidentified individuals engaged in an orchestrated conspiracy against her that included, among other activities, stalking, surveillance, human trafficking, and involuntary servitude, all in retaliation for her complaint to DOC of sexual harassment by another correction officer . . . . Plaintiff [also] adds claims for failure to receive hazard pay; negligent hiring, training, and retention; and wrongful death of her father. Plaintiff also claims that she was deprived of her full retirement pension benefits."[4]

These circumstances form much of the basis of the claims currently before the Court, which appear to be: (1) violation of the Title VII Civil Rights Act for age/gender/national origin discrimination and sexual harassment; (2) disability discrimination in violation of the Americans with Disabilities Act ("ADA"); (3) unlawful search and seizure in violation of 42 U.S.C. § 1983; (4) a "conspiracy against rights" in violation of 18 U.S.C. § 241; (5) stalking in violation of the 34 U.S.C. § 12291; (6) criminal interception and disclosure of communications in violation of 18 U.S.C. § 2511; (7) criminal deprivation of rights under color of law in violation of 18 U.S.C. § 242; (8) conspiracy and extortion in violation of the RICO act; (9) human trafficking and involuntary servitude in violation of 18 U.S.C. §§ 1584(a) and 1589; (10) malicious prosecution; (11) domestic terrorism; (12) denial of hazard pay; (13) negligent hiring, training, and retention; (14) "committing a multitude of crimes"; (15) premeditated murder and hate crimes; (16) slander

---

[3] No. 22 Civ. 2593, 2022 WL 17156774 (Nov. 4, 2022, S.D.N.Y.), *adopted*, 2022 WL 17974910 (Dec. 28, 2022, S.D.N.Y.).

[4] *See id.* at *1.

and defamation of character; and (17) willing failure to comply with Occupational Safety and Health Administration ("OSHA") standards.[5]

## LEGAL STANDARD[6]

As Plaintiff is *pro se*, the Court examines her submissions with "special solicitude"[7] "and will interpret them to raise the strongest arguments that they suggest."[8]  But the special solicitude in *pro se* cases, has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.[9]

## DISCUSSION

The majority of Plaintiff's claims are barred by the doctrine of res judicata and are **DISMISSED**, however Plaintiff raises a handful of claims for the first time that do not arise from facts alleged in prior matters.  Additionally, several Defendants are **DISMISSED** because they are former officials of New York City and the complaint alleges no facts pertaining to them.  Finally, Plaintiff is warned that frivolous and vexatious filings, and violations of court orders, may result in dismissal of this matter in its entirety.  These topics are discussed in further detail below.

---

[5] Compl.at 73-83, ECF No. 1.

[6] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[7] *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

[8] *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

[9] *See* Rule 12(h)(3).

I.    **Res Judicata**[10]

As Plaintiff is aware, *Bey II* stated,

> The doctrine of res judicata dictates that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. The common law doctrines of res judicata and collateral estoppel are related but distinct and operate to prevent parties from contesting matters that they have had a full and fair opportunity to litigate, thereby conserving judicial resources and protecting parties from the expense and vexation of multiple lawsuits. . . . [T]he doctrine applies in civil cases . . . .
>
> Res judicata [or claim preclusion] precludes parties from litigating issues that were or could have been raised in a prior proceeding. To prove that a claim is precluded under this doctrine, a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.[11]

The first factor is met here. *Bey I*—the 2017 action in the Eastern District of New York—was resolved at the motion to dismiss stage.[12] Likewise, *Bey II*—the 2022 action in the Southern District of New York—was also resolved at the motion to dismiss stage.[13] And, "[f]or purposes of the doctrine of res judicata, a dismissal for failure to state a claim is a final judgment on the merits."[14]

---

[10] Plaintiff appears to raise an argument that res judicata does not bar her claims in this action because new facts "relate back" to her previous litigation. The Court agrees that facts that occurred after the conclusion of those matters are not normally barred by res judicata, and discusses those further, below. But as noted in *Bey II*, "the occurrence of those later events do not resurrect Plaintiff's right to sue anew based on the facts alleged (or which could have been alleged)" in her prior actions. *See* 2022 WL 17156774, at *10 n.12.

[11] *Bey II*, 2022 WL 17156774, at *9.

[12] *See generally*, *Bey I*, 2017 WL 4075177.

[13] *See generally*, *Bey II*, 2022 WL 17156774.

[14] *Brodsky v. N.Y.C. Campaign Fin. Bd. by Weisman*, 796 F. App'x 1, 4 (2d Cir. 2019).

The second factor is also met here. The Defendants in the current action are either identical to or in privity with the defendants in *Bey II*. There, Plaintiff brought suit against Eric Adams, Louis Molina—then Commissioner of New York City's Department of Corrections ("DOC"), Melanie Whinnery, and the New York City Employment Retirement System.[15] Here, Plaintiff has sued the same defendants, with the exception of Louis Molina, who has been replaced in the caption with his successor, Lynelle Maginley-Liddie.[16] Although Molina and Maginley-Liddie "are not the same individual, the factual allegations are the same and there are no allegations of any personal involvement" by Maginley-Liddie.[17] Plaintiff has also added the New York City Department of Corrections as a Defendant in the above-captioned matter, which was not a defendant in *Bey II*, but was a defendant in *Bey I*.[18]

Finally, the third factor is also met here. Nearly all the claims asserted in this matter have previously been raised in *Bey I* and *Bey II*. Claims raised in these prior actions and also in this matter include Plaintiff's Title VII; ADA; 18 U.S.C. §§ 241 & 242 (conspiracy against rights); 34 U.S.C. § 12291 (stalking); 18 U.S.C. § 2511 (interception and disclosure of communications); RICO; 18 U.S.C. §§ 1584(a) and 1589 (human trafficking and involuntary servitude); domestic terrorism; denial of hazard pay; negligent hiring, training, and retention; premeditated murder and hate crimes; and the wrongful death claim arising from the death of Plaintiff's father. In all prior matters, as well as in this one, these claims have arisen from the same facts, including—but not limited to—alleged sexual harassment while employed at DOC; creation of a hostile work

---

[15] *Bey II*, 2022 WL 17156774.

[16] The Court notes that Lynelle Maginley-Liddie is no longer the Commissioner of the DOC.

[17] *See Bey II*, 2022 WL 17156774, at *9.

[18] *See generally*, *Bey I*, 2017 WL 4075177.

environment; retaliation for Plaintiff's lodging of complaints; multiple incidents of stalking and surveillance; and constructive discharge.  Res judicata bars relitigating these claims again.

## II.    Dismissed Defendants

Defendants Eric Adams and Lynelle Maginley-Liddie are **DISMISSED** from this action *sua sponte*.  As noted in *Bey II*,

> Whether named individually or in their official capacity (the Complaint does not say), the claims against Molina [here, Maginley-Liddie] and Adams should be dismissed for the independent reason that they are New York City officials, and the Complaint fails to assert any specific allegations against them.  *See Davis v. Stratton*, 360 F. App'x 182, 183 (2d Cir.2010) ("The suit against the mayor and police chief in their official capacities is essentially a suit against the City of [New York], because in a suit against a public entity, naming officials of the public entity in their official capacities adds nothing to the suit.") (internal quotation marks and brackets omitted); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.") (internal quotation marks omitted).[19]

Once again, Plaintiff has failed to raise any facts in her complaint pertaining to Defendants Adams or Maginley-Liddie, who—as the former Mayor and former Commissioner of Corrections—were New York City officials.  A search of the complaint shows their names appearing only in the case caption, the "List of Parties," and the "Parties" portion of the briefing.  There are no substantive allegations against these Defendants, such that their dismissal from this suit is warranted.  It may well be that Defendant Melanie Whinnery should be dismissed for the same or other reasons,

---

[19] 2022 WL 17156774, at *9 n.11.

however the Court declines to do so at this stage because Plaintiff states that she "mailed a copy of another options for 100% survivorship via certified mail return receipt" to this Defendant.[20]

## III.    Remaining Claims

A few claims are raised here for the first time: unlawful search and seizure in violation of 42 U.S.C. § 1983; malicious prosecution; slander and defamation of character; and failure to comply with OSHA standards.  While these claims appear to arise out of a similar set of facts as previously alleged in *Bey I* and *Bey II*, the Court cannot, at this time, determine that they are barred by the doctrine of res judicata.  Further, Plaintiff alleges two sets of facts that occurred after the conclusion of *Bey II*, namely a burglary that allegedly occurred on June 2023,[21] and the deaths and/or murders of relatives on May 13, 2025, May 15, 2025, and potentially July 2025, though Plaintiff is "not too sure about" the July 2025 death.[22]  Without opining whether these facts give rise to legitimate legal claims, the Court concludes that such claims are not barred by the doctrine of res judicata.

Finally, Plaintiff's retirement-related claims were never adjudicated on the merits in either *Bey I* or *Bey II*.  Plaintiff did not raise them in *Bey I*.[23]  She raised them in *Bey II*, but the court there abstained from considering them due the fact that they were subject to a previously-filed state action.[24]  The doctrine of res judicata thus does not extend to those claims.

---

[20] Compl. at 57.

[21] *Id.* at 59.

[22] *Id.* at 28-29.

[23] *See generally*, 2017 WL 4075177.

[24] 2022 WL 17156774, at *11.

7

IV.    **Frivolous Filings and Violations of Court Orders**

In *Bey II*, the court noted "Plaintiff's repeated violation of court orders, frivolous court filings, and otherwise vexatious conduct" as an alternative justification for dismissal.[25]    And, in Judge Engelmayer's adoption of the report and recommendations in *Bey II*, he highlighted that the quantity of Plaintiff's frivolous and vexatious filings resulted in an order directing the Clerk of Court "not to accept any further documents for filing by [Plaintiff] until the Court has ruled on the pending Report."[26]    Further, the Chief Judge of this court has previously admonished Plaintiff for the repeated filings of improper notices of removal and initiating frivolous litigation, warning her in no uncertain terms that such actions "may result in an order barring her from filing new actions in the court without permission."[27]

Plaintiff is warned that the Complaint—in its entirety—may be dismissed if she files frivolous papers and/or repeatedly violates court orders.

## CONCLUSION

For the reasons stated above, Plaintiff's Title VII; ADA; 18 U.S.C. §§ 241 & 242 (conspiracy against rights); 34 U.S.C. § 12291 (stalking); 18 U.S.C. § 2511 (interception and disclosure of communications); RICO; 18 U.S.C. §§ 1584(a) and 1589 (human trafficking and involuntary servitude); domestic terrorism; denial of hazard pay; negligent hiring, training, and retention; premeditated murder and hate crimes; and the wrongful death claim arising from the death of Plaintiff's father are **DISMISSED WITHOUT PREJUDICE**.    Plaintiff's unlawful search and seizure in violation of 42 U.S.C. § 1983; malicious prosecution; slander and defamation

---

[25] *Id.* at *13.

[26] *Bey v. Adams*, No. 22 Civ. 2593, 2022 WL 17974910, at *1 (S.D.N.Y. Dec. 28, 2022).

[27] *Bey v. Brann*, No. 23 Civ. 7247, 2023 WL 5955613, at *3 (S.D.N.Y. Aug. 17, 2023).

of character; failure to comply with OSHA standards; and retirement-related claims remain, as well as any claims arising out of facts alleged to have occurred from 2023 to present day.

Further, Defendants Eric Adams and Lynelle Maginley-Liddie are **DISMISSED**.

Plaintiff's motion for judgment, ECF No. 28, is **DENIED** as moot.

To the extent Plaintiff can replead her allegations to raise new claims that are not barred by the doctrine of res judicata, Plaintiff may file a letter motion, <u>not to exceed 3 pages</u>, requesting leave to amend the complaint by **March 23, 2026**.  Plaintiff shall attach, as an exhibit, a copy of the amended complaint.  Unless otherwise directed by the Court, <u>Plaintiff shall not file any other papers or motions in the interim</u>.

Defendants' motion for an extension of time is **GRANTED** nunc pro tunc.  Should the Court grant Plaintiff's letter motion to amend, Defendants shall have 60 days from the filing of the amended complaint to respond.  Should the Court deny Plaintiff's letter motion to amend, Defendants shall have 60 days from the filing of the Court's order of denial to respond to the complaint.

The Clerk of Court is respectfully requested to terminate ECF Nos. 11, 28 and 29.

SO ORDERED.

Dated: March 18, 2026

New York, New York

_____

DALE E. HO
United States District Judge

9