UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARE BEY,

                           Plaintiff,

                    v.

ADAMS ET AL.,

                           Defendants.

26-CV-914 (DEH)

ORDER

DALE E. HO, United States District Judge:

On March 18, 2026, this Court issued a Memorandum Opinion and Order (the

"Opinion") dismissing several defendants and the majority of Plaintiff's claims, *sua sponte*, from

the above captioned matter because the dismissed claims were barred by the doctrine of res

judicata and because Plaintiff failed to allege any facts in the Complaint pertaining to dismissed

defendants.[1]  In that Opinion, the Court gave Plaintiff the opportunity to file a letter motion

requesting leave to amend the Complaint, to the extent she could replead her allegations to raise

new claims not barred by res judicata.  *Id.* at 9.  Plaintiff timely filed the letter motion[2] and a

Proposed Amended Complaint ("PAC").[3]  For the reasons stated herein, Plaintiff's request to

amend is **GRANTED in part** and **DENIED in part**.

The PAC largely restates the facts included in the original Complaint.  For the same

reasons given in the Court's Opinion, Plaintiff's request to amend is **DENIED** with respect to

Plaintiff's Title VII; ADA; 18 U.S.C. §§ 241 & 242 (conspiracy against rights); 34 U.S.C. §

12291 (stalking); 18 U.S.C. § 2511 (interception and disclosure of communications); RICO; 18

_____

[1] ECF No. 46.  The dismissed defendants were also dismissed for the independent reason that they cannot be sued in their official capacity.  *Id.* at 6.

[2] ECF No. 55.

[3] ECF No. 58.

U.S.C. §§ 1584(a) and 1589 (human trafficking and involuntary servitude); domestic terrorism; denial of hazard pay; negligent hiring, training, and retention; premeditated murder and hate crimes; and the wrongful death claim arising from the death of Plaintiff's father. These claims are **DISMISSED WITH PREJUDICE** as barred by the doctrine of res judicata.[4]

Likewise, Plaintiff's request to amend is **DENIED** with respect to Defendants Eric Adams and Lynelle Maginley-Liddie. The PAC clarifies that the claims against Adams and Maginley-Liddie are brought against them in their official capacity, which—as discussed in the Court's Opinion—is an independent reason for dismissal.[5] Additionally, the PAC still fails to raise any substantive facts or claims pertaining to these defendants.[6] Defendants Eric Adams and Lynelle Maginley-Liddie are thus **DISMISSED WITH PREJUDICE**.

Plaintiff's request to amend is nevertheless **GRANTED**, for the following reasons. First, it raises additional facts related to claims that survive—i.e., unlawful search and seizure in violation of 42 U.S.C. § 1983; malicious prosecution; slander and defamation of character; failure to comply with OSHA standards; and retirement-related claims. Furthermore, the PAC includes a claim under Title II of the Civil Rights Act, which was not previously alleged in the Complaint or in prior litigation. Finally, the PAC raises facts alleged to have occurred since 2023, which are not barred by the doctrine of res judicata. The PAC will be referred to as the First Amended Complaint or "FAC," and will serve as the operative complaint in this case.

---

[4] Plaintiff again argues that the doctrine of res judicata does not apply because the facts alleged "relate back" to her previous litigation pursuant to Fed. R. Civ. P. 15(c). PAC at 124-25. As discussed in the Court's Opinion, this is a misunderstanding of the rule, which allows for facts to relate back to the date of the *original pleading* under specific circumstances. *See* ECF No. 46 at 4, n.10. The rule does not allow for relation back to allegations raised—and dismissed—in prior actions. *Id.*

[5] ECF No. 46 at 6-7.

[6] *Id.*

The Court briefly addresses Plaintiff's argument that she is entitled to judgment because Defendants did not file an answer within the prescribed time and are thus in "default."[7] The Court construes this argument as a motion for default judgment. The motion is **DENIED**. Defendants moved for an extension of time to file a response.[8] The Court granted the extension request.[9] Thus, Defendants have not defaulted. Moreover, even if Defendants *had* defaulted, the Court finds good cause to set aside that default pursuant to Federal Rule of Civil Procedure 55(c). Defendants have indicated their intent to defend against Plaintiff's claims, as demonstrated by their appearance in the case.[10] Because Plaintiff's motion to enforce judgment[11] and motion for damages[12] are predicated upon Defendants' default, those motions are **DENIED**.

The FAC is the operative complaint for the purposes described in this Order.

The Clerk of Court is respectfully directed to terminate Defendants Eric Adams and Lynelle Maginley-Liddie from this matter. The Clerk of Court is also respectfully directed to terminate ECF Nos. 59 and 60.

SO ORDERED.

Dated: April 7, 2026
New York, New York

DALE E. HO
United States District Judge

---

[7] PAC at 125.

[8] Letter Motion, ECF No. 11.

[9] Court's Opinion at 9.

[10] Notice of Appearance, ECF No. 10.

[11] ECF No. 59.

[12] ECF No. 60.