USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

VICKY WARE BEY,

                                    **Plaintiff,**

            -against-

ERIC ADAMS, et al.,

                                **Defendants.**

-------------------------------------------------------------------X

                      26-CV-00914 (DEH)(SN)

                            **ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On June 1, 2026, Defendants filed a motion to stay discovery while their motion to dismiss filed at ECF No. 101 remains pending. See ECF No. 102. Plaintiff, proceeding *pro se*, filed an opposition letter on June 9, 2026. See ECF No. 114. Defendants' motion to stay discovery is GRANTED.

"[A] court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (cleaned up). "In deciding whether to enter a stay, courts in this district generally consider: the interests of the defendant, the interests of the plaintiffs in proceeding with the litigation, the public interest, and the interests of the court and third parties." Travelers Cas. & Sur. Co. v. Vanderbilt Grp., LLC, No. 01-CV-7927 (DLC), 2002 WL 844345, at *2 (S.D.N.Y. May 2, 2002); see also In re Currency Conversion Fee Antitrust Litig., No. 01-MD-01409 (WHP), 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) ("District courts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss.") (quoting Fed. R. Civ. P. 26(c)).

In light of the current posture of the case, I determine that the interests of justice require a stay of the proceedings while the Court addresses Defendants' pending motion to dismiss. Defendants' motion to dismiss is dispositive in nature and may potentially obviate the need for a burdensome discovery process should the Court grant Defendants' motion. See In re Currency, 2002 WL 88278, at *1 ("Courts in this District hold that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'") (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)).

Moreover, the Court finds that Plaintiff would suffer no prejudice if discovery were stayed. In her opposition letter, Plaintiff again asserts that Defendants have defaulted. See ECF No. 114. As the Court has already explained to Plaintiff numerous times, this claim is incorrect, and Defendants are not in default. See ECF Nos. 79, 87, 90, 104. Despite the Court repeatedly denying Plaintiff's motions for a default judgment and advising her to refrain from filing denied motions seeking the same relief, Plaintiff has continued to file proposed certificates of default. See, e.g., ECF Nos. 85, 95, 105, 115. Plaintiff has also repeatedly filed additional amended complaints, motions for pretrial conferences, and proposed orders to show cause, which have previously been denied or stricken from the record. See, e.g., ECF Nos. 18, 25, 48, 68, 71, 74, 79, 90, 111, 112, 117, 118. The Court has warned Plaintiff multiple times that she risks sanctions if she continues to disregard the Court's orders and abuse the judicial process. See ECF Nos. 90, 104.

Accordingly, in an effort to forestall further frivolous and vexatious filings from Plaintiff, a stay of all discovery proceedings is warranted pending determination of Defendants' motion to

dismiss. Plaintiff has already filed her opposition to Defendants' motion to dismiss, <u>see</u> ECF No. 116, and therefore no additional filings from Plaintiff are necessary at this time. Defendants may file a reply to Plaintiff's opposition brief by no later than Wednesday, June 24, 2026. A reply to Plaintiff's latest proposed order to show cause filed at ECF No. 118 is not necessary since it is without merit and will not be entered.

## CONCLUSION

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 102. The Amended Complaint filed at ECF No. 58 will remain the operative complaint. The Court will not consider Plaintiff's latest proposed amended complaint filed on June 9, 2026, and the Clerk of Court is respectfully directed to strike the amended complaint filed at ECF No. 117.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:       June 12, 2026
             New York, New York

3