UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARE BEY,

Plaintiff,

v.

ADAMS ET AL.,

Defendants.

26-CV-914 (DEH)

ORDER

DALE E. HO, United States District Judge:

Ms. Ware Bey, proceeding pro se, initiated this lawsuit on February 2, 2026.  ECF No. 1.

On June 24, 2026, she filed a request seeking reassignment of this case to a different judge.  ECF

No. 139.[1]  For the reasons stated below, that request is **DENIED**.

Under 28 U.S.C. § 455, "any justice, judge, or magistrate judge of the United States shall

disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  He

shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party."

28 U.S.C. § 455(a)-(b)(1).  "The standard for disqualification under 28 U.S.C. § 455(a) is 'an

objective' one; the question is whether an objective and disinterested observer, knowing and

understanding all of the facts and circumstances, could reasonably question the court's

impartiality." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) (citations omitted).  "[R]ecusal

is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial

administration efforts, and ordinary admonishments . . . to counsel and to witnesses,' where the

conduct occurs during judicial proceedings, and where the judge 'neither (1) relie[s] upon

knowledge acquired outside such proceedings nor (2) display[s] deep-seated and unequivocal

---

[1] The motion was filed on the docket on June 24, 2026, but bears a date of April 28, 2026.  *See* ECF No. 139 at 3.

antagonism that would render fair judgment impossible.'" *Id.* at 29-30 (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)). "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside from when judging the dispute." *Liteky*, 510 U.S. at 558 (Kennedy, J., concurring in the judgment).

Ms. Ware Bey's motion for reassignment provides no legitimate reason for reassignment. She asserts bias and judicial misconduct based on, among other things, the Court's dismissal of certain claims, denial of her motion for default, and denial of requests for scheduling conferences. *See* ECF No. 139. Such disagreements with the substance of the Court's rulings, however, do not provide a basis for recusal. Any dissatisfaction Ms. Ware Bey has with the substance of the Court's decisions in this case may be addressed via appeal at the appropriate time and as permitted under the rules and statutes governing any such appeal. Accordingly, the motion is **DENIED**.

The Clerk of Court is respectfully directed to terminate ECF No. 139.

SO ORDERED.

Dated: July 2, 2026
      New York, New York

                                       DALE E. HO
                            United States District Judge

2