USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 8/17/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**VICKY WARE BEY,**

**Plaintiff,**

**-against-**

**ERIC ADAMS, et al.,**

**Defendants.**

-----------------------------------------------------------------X

**26-CV-00914 (DEH)(SN)**

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff, proceeding *pro se*, has flooded the docket with numerous motions, seeking, among other things: an order compelling discovery, a reassignment of judges, vacatur of prior orders, a judgment in her favor, the scheduling of settlement and pretrial conferences, and access to the Court's ECF filing system. See, e.g., ECF Nos. 136, 143, 155, 159, 161, 165, 173, 195, 197. Since this action began, Plaintiff has repeatedly filed several motions seeking the same relief that was previously denied. The Court has warned Plaintiff on numerous occasions that the Court would summarily deny future applications seeking relief on the same grounds, and that Plaintiff risks sanctions if she continues to disregard the Court's orders. See, e.g., ECF Nos. 48, 53, 69, 79, 90. Plaintiff has regrettably continued to disregard the Court's orders and file frivolous motions on the docket.

Plaintiff's *pro se* status cannot be used as an excuse for failing to comply with the Court's orders. Even *pro se* litigants must properly follow ordinary procedural rules in civil litigation and are not immune from consequences of abusing the judicial process. See Eliahu v. Jewish Agency for Israel, 919 F.3d 709, 715 (2d Cir. 2019) ("In considering a litigant's status, we have

recognized that *pro se* litigants . . . are entitled to special solicitude, but we have not altogether 'excuse[d] frivolous or vexatious filings by *pro se* litigants.'") (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam)); McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988) ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders."); Woodhouse v. Meta Platforms Inc., 704 F. Supp. 3d 502, 517 (S.D.N.Y. 2023) ("[T]he normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.") (quoting In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994) (internal quotation marks omitted).

Plaintiff is once again put on notice that if she continues to disregard the Court's orders and files additional frivolous submissions that have previously been denied, the Court may direct her to show cause why she should not be barred from filing any future submissions without first obtaining leave from the Court. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") (internal quotation marks and citation omitted); Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.") (internal quotation marks and citation omitted).

Moreover, Plaintiff appears to once again be mistaking the Clerk of Court approving her filings as to form, as the Court granting her requests. As the Court previously explained, a text entry on the docket noting that a filing was "reviewed and approved as to form" does not mean

that the Court granted the relief sought. This is merely an entry generated by Court staff that indicates that a filing is accepted and not deficient. Therefore, Plaintiff's repeated assertions that, for example, an entry of default judgment was granted on March 9, 2026, or that a Civil Order to Show Cause was granted on June 25, 2026, are factually incorrect. Such assertions appear to be referring to the Clerk of Court approving her filings as to form.

To be clear, and to correct many of the flawed assertions Plaintiff has made in her filings: Defendants have not defaulted and there is no pending default judgment against Defendants; no judgment has been entered in Plaintiff's favor; and discovery has been stayed in this action pending the Court's resolution of Defendants' motion to dismiss. Moreover, no further filings from Plaintiff are warranted at this time. As the Court previously advised Plaintiff during the July 17, 2026 telephonic status conference, her serial filings do not help her case but rather only delay the Court's adjudication of the merits of her complaint.

In light of Plaintiff's continuous disregard of the Court's orders and her vexatious filing pattern, Plaintiff's request for ECF filing access is DENIED without prejudice. Her other recent requests for relief, including compelling discovery, entering a judgment in her favor, vacating prior orders, and reassigning judges are all DENIED as meritless. The Court will address the pending motion to dismiss in due course, at which point the Court will determine whether another conference is necessary.

**CONCLUSION**

Plaintiff's pending non-dispositive motions are DENIED without prejudice. The Court will address the pending motion to dismiss in due course. No additional filings from Plaintiff are warranted at this time.

The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 136, 143, 155, 159, 161, 165, and 173.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: August 17, 2026
New York, New York